**Eric V. MACKLIN, Plaintiff,**

v.

**Eric MUECK a/k/a Howard Ely, Intl Library of Poetry, Natl Library of Poetry, Alex Hanley, and Poetry.com Defendant.**

**No. 00–14092–CIV–MOORE.**

United States District Court, S.D. Florida.

June 10, 2005.

Eric Macklin, Miami, FL, Pro se.

Eric Mueck, Int'l Library of Poetry, Nat'l Library of Poetry, Poetry.com, Owings Mills, MD, Pro se.

Peter E. Berlowe, Esq. and Eric N. Assouline, Esq., Assouline & Berlowe, P.A., Attorneys at Law, Coral Gables, FL, for Defendant.

## ORDER

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Defendants' Motion to Vacate this Court's March 9, 2005 Order (DE # 179).

UPON CONSIDERATION of the motion, responses and the pertinent portions of the record, the Court enters the following Order.

Defendants move to vacate this Court's March 9, 2005 Order which awarded Plaintiff $300,000, the maximum statutory damages permitted under the statute, jointly and severally against Defendants, National Library of Poetry, International Library of Poetry, Poetry.com, Eric Mueck and Alex Hanley (DE # 176). That Order modified the Court's January 24, 2005 Order which awarded Plaintiff $300,000, the maximum statutory damages permitted under the statute, jointly and severally against Defendants, National Library of Poetry, International Library of Poetry, and Poetry.com (DE # 174).

In the instant Motion Defendants raise three arguments. First, Defendants argue that this Court is without subject matter jurisdiction over this case because Plaintiff never had a valid copyright. Def. Mot. at 5–6. Second, Defendants argue that this Court should vacate, alter or amend the Amended Default Judgment because Defendants were entitled to a jury trial on the issue of damages. *Id.* at 8–10. Third, Defendants argue that they are entitled to a rehearing on the damages issues surrounding the Amended Default Judgment because they failed to receive a number of filings in this case. *Id.* at 6–8.

First, as to Defendants' argument that Plaintiff does not have a valid copyright and therefore this Court does not have subject matter jurisdiction, the following facts are contained in the record. On November 14, 1986 Plaintiff filed his copyright registration application Form TX for the poems at issue in this lawsuit. *See* Ex. to Pl. Opp. to Def. Mot. to Vacate. On December 16, 1986 Plaintiff's application was processed and the "effective date of registration" of TXu–262–264 was stamped December 16, 1986. *Id.* On January 24, 2001 Plaintiff sent a letter to the U.S. Copyright Office concerning Txu–262–264. *Id.* On February 7, 2001 the U.S. Copyright Office responded to Plaintiff's letter and stated that the fee for an additional certificate of copyright registration is $25.00. *Id.* On March 19, 2001 the U.S. Copyright Office acknowledged receipt of $25.00 and sent Plaintiff an additional certificate of copyright registration. *Id.* On March 28, 2001 Plaintiff returned the original additional certificate of copyright registration to the U.S. Copyright Office and informed the U.S. Copyright Office that he requested certified copies of his two poems that are the subject of this litigation and not an additional certificate of registration. *See* Ex. to Pl. Supp. Resp. to Def. Mot. to Vacate. On June 10, 2003 Plaintiff wrote a letter to the U.S. Copyright Office wherein he stated that he received the U.S. Copyright Office's May 27, 2003 letter in which the U.S. Copyright Office concluded that Plaintiff's registration was cancelled for non-payment due to a dishonored check. *Id.* On April 26, 2005 Defendants provided this Court with a copy of a certificate from the U.S. Copyright Office stating that Plaintiff's copyright TXu–262–264 was cancelled due to uncollectible funds.

█ It is well settled in this Circuit that "[t]he registration requirement is a jurisdictional prerequisite to an infringement suit." *Brewer–Giorgio v. Producers Video, Inc.,* 216 F.3d 1281, 1285 (11th Cir.2000) ("Although a copyright need not have been registered in all cases before it may be infringed, the owner of that copyright must register the copyright before a federal court can entertain an infringement suit") (internal citations omitted); 17

U.S.C. § 411 ("no action for infringement of the copyright in any work shall be instituted until registration of the copyright claim has been made").

■ The record in this case indicates that at the time of the alleged infringements and at the time that this suit was instituted on April 6, 2000 Plaintiff had a valid copyright registration as demonstrated by the March 2001 additional certificate of copyright registration. *See* Copyright Office Practices, Chapter 1900, 1906 ("Additional certificates are certified copies of the record of registration and have the same legal effect as the original certificate"); *see also* 17 U.S.C. § 410(c) (a certificate of copyright registration is "prima facie evidence of the validity of the copyright and of the facts stated in the certificate").

While the copyright registration appears to have been cancelled in 2003. Defendants have failed to cite any case law that stands for the proposition that a District Court is divested of subject matter jurisdiction during the prosecution of a lawsuit, where it had subject matter jurisdiction at the commencement of the lawsuit, but where the copyright registration has lapsed during the prosecution of that suit. Furthermore, the Court has uncovered no such case law in its own research. Accordingly, Defendants' Motion to Vacate this Court's March 9, 2005 Order on the ground that this Court lacks subject matter jurisdiction is DENIED.

■ Second, Defendants argue that this Court should vacate, alter or amend the Amended Default Judgment because Defendants are entitled to a jury trial on the issue of damages. In the instant motion Defendants specifically ask this Court to vacate its March 9, 2005 Order. That Order modified this Court's January 24, 2005 Order by expanding joint and several liability to Defendants Eric Mueck and Alex Hanley. This Court finds that Defendants waived their right to object to this Court's determination of statutory damages by failing to timely object to this Court's January 24, 2005 Order.[1] The Court's January 24, 2005 Order originally concluded that Plaintiff was entitled to the maximum statutory damages of $300,000 and specifically stated that "because a default judgment has been entered against the Defendants, a jury trial to determine the amount of statutory damages is impracticable. Therefore, this Court will make a determination on the pleadings, awarding Plaintiff the maximum damages allowed by the statute." January 24, 2005 Order at 2. In addition, it is worth noting, that on December 19, 2004 this Court issued an Order of Reference referring Plaintiff's Notice of Proof of Damages to the Magistrate for Determination (DE # 171). The Magistrate then issued its Report and Recommendation as to the amount of damages to be awarded to Plaintiff (DE # 172). In not one of these instances did Defendants object to the Court's determination of damages. Accordingly, Defendants' Motion to Vacate on this ground is DENIED.

Third, Defendants argue that because they failed to receive 15 of the 17 most recent filings in this action, they have been denied their procedural due process rights to notice and an opportunity to be heard. Defendants argue that they did not receive any of the filings referenced in docket entries 160–165 and 167–175. The Court has made a detailed review of these docket entries and finds that with respect to docket entries 163, 164, 166, 169, 171, 172, and 174 the Court's Noticing System indicates that these filings were provided to Defendants.[2] This Court notes that Defendants

---

**1.** Which this Court's Noticing System indicates Defendants were sent.

**2.** It does appear, however, that this Court's September 21, 2004 Order to Show Cause

specifically argue that they have been denied procedural due process because they did not have the opportunity to be heard as to the Courts's initial entry of Default Judgment (DE # 169). The Court's Noticing System indicates that Magistrate Judge Lynch's Order to Show Cause (DE # 164) as to why a default judgment should not be entered was sent to Defendants at the address that Defendants' former counsel indicated that the Defendants could be reached.[3]

As to the remaining entries at issue, all of which are Plaintiff's filings—160, 162, 165, 167, 168, 170, 173, and 175[4]—within thirty (30) days of the date of this Order, Plaintiff shall provide this Court with evidence that these filings were properly served upon Defendants.[5] Accordingly, this Court reserves judgment on this ground of Defendants' Motion to Vacate.

Accordingly, based on the foregoing, it is

ORDERED AND ADJUDGED

(1) Defendants' Motion to Vacate this Court's March 9, 2005 Order on the ground that this Court lacks subject matter jurisdiction is DENIED.

(2) Defendants' Motion to Vacate this Court's March 9, 2005 Order on the ground that it is entitled to a jury trial on damages is DENIED.

(3) This Court reserves judgment on Defendants' Motion to Vacate this Court's March 9, 2005 Order on the ground that it did not receive a substantial number of filings in this case. Plaintiff shall have thirty (30) days from the date of this Order to provide this Court with evidence that it properly served docket entries 160, 162, 165, 167, 168, 170, 173, and 175 on the Defendants. It is further,

ORDERED AND ADJUDGED that Plaintiff's Motion for Sanctions (DE # 183) is DENIED.

---

(DE # 161) was not served on Defendants. However, this Court fails to see how this oversight denied Defendants their right to procedural due process as that Order directed *Plaintiff* to demonstrate why this case should not be dismissed for failure to prosecute.

3. In its Renewed Motion to Withdraw (DE # 158) Defendants' Counsel represented that all Defendants could be reached at 1 Poetry Plaza, Owings Mills, MD 21117. *Id.* at ¶ 9.

4. DE # 160–Notice of Filing Correspondence (filed 8/24/04);
DE # 162–Response to Order to Show Cause and Motion for Default Judgment (filed 10/4/04);
DE # 165–Notice of Filing Letter (filed 10/29/04);
DE # 167–First Notice of Defendants' Noncompliance with Court's Order to Show Cause (filed 11/8/04);
DE # 168–Motion to Elect Maximum Statutory Damages (filed 11/12/04);

DE # 170–Notice of Proof of Damages (filed 12/6/04);
DE # 173–Objections to Report and Recommendations (filed 1/11/05); and
DE # 175–Motion to Alter or Amend Judgment (filed 2/15/05).

5. Defendants argue that Plaintiff's certificates of service indicate that Plaintiff "randomly chose which defendant he was serving rather than serving each of the Defendants" and that "[i]t also appears that the Court may have been attempting to serve only one service copy of its Orders upon all the Defendants, even though each Defendant should receive its own service copy of an Order." This Court directs Defendants' attention to its former counsel's Renewed Motion to Withdraw (DE # 158) in which Defendants' Counsel represented that all Defendants could be reached at 1 Poetry Plaza, Owings Mills, MD 21117. *Id.* at ¶ 9.